UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL MEJIA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:20-cv-02888-SEB-KMB |
| D. JOHNSON, | ) ) ) |
| Defendant. | ) ) |

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT AND DISMISSING ACTION WITH PREJUDICE**

This action is based on Michael Mejia's allegations that Nurse Practitioner Dianna Johnson failed to provide him with medication prescribed for bowel irregularities in 2020 at New Castle Correctional Facility. Nurse Johnson has moved for summary judgment, and Mr. Mejia has not responded. The undisputed facts show that Nurse Johnson was not deliberately indifferent to Mr. Mejia's medical condition. Therefore, her motion is granted, and this case is dismissed.

**I. Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v.*

*Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Nurse Johnson has met that burden through her unopposed motion for summary judgment. Mr. Mejia failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); see S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.  Factual Background

Because Nurse Johnson has moved for summary judgment, the Court views and recites the evidence "in the light most favorable to" Mr. Mejia and draws "all reasonable inferences in" his favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). Mr. Mejia has not

responded, so the Court treats Nurse Johnson's supported factual assertions as uncontested. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

Nurse Johnson has been employed by private medical contractors to treat inmates at New Castle Correctional Facility (NCCF) since June 2019. Dkt. 30-1 at ¶ 2 (Johnson aff.). Her first documented visit with Mr. Mejia took place August 30, 2019. Dkt. 30-3 at 1–3. Mr. Mejia reported having frequent bowel movements—between five and seven each day—for about five years. *Id.* at 1; dkt. 30-2 at 4, dep. at 12:13–18. Nurse Johnson prescribed a fiber supplement, which Mr. Mejia was to take twice per day. Dkt. 30-3 at 3.

Mr. Mejia returned for a chronic care visit on February 11, 2020. Dkt. 30-3 at 7–9. He reported that his symptoms had worsened and now included loose stools, bloating, and flatulence. *Id.* at 7. Nurse Johnson diagnosed Mr. Mejia with irritable bowel syndrome and prescribed loperamide, also known as Imodium. *Id.* at 8–9.

Mr. Johnson did not receive the Imodium. Dkt. 30-2 at 5, dep. at 15:19–25. He did not notify the medical staff of the problem, however, until July 30, 2020. *Id.* at 5, dep. at 17:7–14.

Nurse Johnson next saw Mr. Mejia at a chronic care visit on September 23, 2020. Dkt. 30-3 at 10–12. Mr. Mejia stated that he never received the Imodium that Nurse Johnson prescribed. *Id.* at 11. Nurse Johnson documented that she e-mailed the pharmacy to determine why he was not receiving Imodium. *Id.*

Nurse Johnson saw Mr. Mejia again on December 19, 2020. Dkt. 30-3 at 13–14. Mr. Mejia reported that he was on lockdown and not receiving his Imodium as prescribed. *Id.* at 13. Nurse Johnson provided Mr. Mejia with a week's dose of Imodium to keep with him. *Id.* at 14.

Nurse Johnson's responsibilities at NCCF did not include dispensing medications to inmates. Dkt. 30-1 at ¶ 11. Under the system in place, she ordered that an inmate receive a medication, the medical staff's computer system alerted the pharmacy staff, and the pharmacy or nursing staff then dispensed the medicine to the inmate. *Id.*

Mr. Mejia filed his complaint on November 3, 2020. Dkt. 1. When the Court screened the complaint, it summarized his allegations as follow:

> In the complaint, Mr. Mejia alleges that he suffers from "constant diarrhea." Dr. Johnson prescribed Imodium to treat Mr. Mejia's condition, but at least seven months have passed and Mr. Mejia still has not received Imodium. Dr. Johnson has treated Mr. Mejia during this time and has not taken action to ensure that Mr. Mejia receives the prescribed medication.

Dkt. 9 at 2. The Court determined that these allegations stated a plausible claim against Nurse Johnson based under the Eighth Amendment. *Id.*

### III. Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

The Court assumes for purposes of the summary judgment motion that Mr. Mejia's irritable bowel syndrome was objectively serious, a point on which Nurse Johnson is silent. To avoid

4

summary judgment, then, the record must allow a reasonable jury to conclude that Nurse Johnson acted with deliberate indifference—that is, that she consciously disregarded a serious risk to Mr. Mejia's health. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016).

Deliberate indifference requires more than negligence or even objective recklessness. *Id*. Rather, Mr. Mejia "must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Petties*, 836 F.3d at 728. "Of course, medical professionals rarely admit that they deliberately opted against the best course of treatment. So in many cases, deliberate indifference must be inferred from the propriety of their actions." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021) (internal citations omitted).

The Seventh Circuit has held that deliberate indifference occurs when the defendant:

- renders a treatment decision that departs so substantially "'from accepted professional judgment, practice, or standards as to demonstrate that'" it is not based on judgment at all. *Petties*, 836 F.3d at 729 (quoting *Cole v. Fromm*, 94 F.3d 254, 260 (7th Cir. 1996)).

- refuses "to take instructions from a specialist." *Id.*

- persists "in a course of treatment known to be ineffective." *Id.* at 729–30.

- chooses "an 'easier and less efficacious treatment' without exercising professional judgment." *Id.* at 730 (quoting *Estelle*, 429 U.S. at 104 n.10).

- effects "an inexplicable delay in treatment which serves no penological interest." *Id.*

This case is not based on allegations that Nurse Johnson failed to treat Mr. Mejia at all, or that she persisted in treatment she knew would be ineffective, or even that she delayed treatment. Rather, the action is based on allegations that Mr. Mejia did not receive the medication that Nurse Johnson prescribed. The undisputed record would not allow a reasonable jury to conclude that Mr. Mejia did not receive his medicine because of deliberate indifference by Nurse Johnson.

Nurse Johnson first learned of Mr. Mejia's irritable bowel symptoms on August 30, 2019. Dkt. 30-3 at 1. She immediately prescribed a fiber supplement. *Id.* at 3.

Nurse Johnson first learned Mr. Mejia's symptoms had worsened on February 11, 2020. *Id.* at 7–9. She immediately diagnosed him with irritable bowel syndrome and prescribed Imodium. *Id.* at 8–9.

Nurse Johnson first learned that Mr. Mejia did not receive his Imodium on September 23, 2020. *Id.* at 10–12. She immediately e-mailed the pharmacy, and he began receiving his medicine. *Id.* at 11.

Nurse Johnson first learned that Mr. Mejia was having difficulty receiving his medication on lockdown on December 19, 2020. *Id.* at 13–14. She immediately provided him medication to keep. *Id.* at 14.

The undisputed record shows that Nurse Johnson prescribed a reasonable course of treatment and that protocols called for others to implement it by dispensing the medication. *See* dkt. 30-1 at ¶ 11. No evidence indicates that she had reason to doubt that they would implement the plan properly or that she learned of any breakdown until Mr. Mejia informed her in person—at which point she took immediate action to solve the problem.

It is well settled that "division of labor is critical to the efficient functioning of" prisons. *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017). In Constitutional tort litigation, "supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). The undisputed record simply does not allow an inference that Nurse Johnson "actually knew of and disregarded a substantial risk" that Mr. Mejia would not receive the

6

medication she prescribed. *Petties*, 836 F.3d at 728. Accordingly, there is no basis for finding deliberate indifference, and Nurse Johnson is therefore entitled to summary judgment.

## IV. Conclusion

Nurse Johnson's motion for summary judgment, dkt. [28], is **GRANTED**. This action is **dismissed with prejudice**. The **clerk is directed** to enter **final judgment**.

IT IS SO ORDERED.

Date: 2/10/2023

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL MEJIA
261290
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com